UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                                                                        DECISION AND ORDER

                                                                                                                                   04-CR-6032L
                                                                                                                                   09-CV-6184L

                           v.

RICKY DE SANTIS,


                                      Defendant.
_____

       Defendant, Ricky DeSantis ("DeSantis"), pleaded guilty pursuant to a written plea agreement to Count 1, possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)) and Count 2, possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)). Both counts carried mandatory minimum 5 year terms of imprisonment and the firearms offense required a consecutive sentence. On April 28, 2005, the Court sentenced DeSantis to an aggregate sentence of 120 months, which was the minimum statutory sentence. The Judgment and Commitment was entered on May 5, 2005, and no appeal was filed.

       Now pending before the Court is DeSantis' *pro se* motion (Dkt. #54), brought pursuant to 28 U.S.C. § 2255 to vacate the judgment. The sole basis for the petition is defendant's claim that his trial counsel provided ineffective assistance of counsel by failing to file a notice of appeal. The

Government filed a lengthy response to the motion (Dkt. #60). Attached to that response are the plea agreement, (Ex. 1); the transcript of the sentencing proceedings on April 28, 2005, (Ex. 2); the judgment, (Ex. 3); and an affidavit from DeSantis' trial counsel, Robert G. Smith, Assistant Federal Public Defender, (Ex. 4).

DISCUSSION

Based on the matters of record, DeSantis' motion to vacate is without merit and must be denied. DeSantis has failed to demonstrate that his trial counsel provided ineffective assistance of counsel for failing to file an appeal and there is no need for any type of factual hearing.

The standard for determining whether counsel provided effective assistance is set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). In order to support such a claim, a defendant must establish that his lawyer's performance was deficient and that that performance prejudiced his case. DeSantis cannot meet either requirement here.

First of all, the plea agreement executed by DeSantis contained a very specific provision waiving DeSantis' right to appeal or collaterally attack the sentence. (Ex. 1, p. 12-13). This waiver was discussed at the time of the plea and at sentencing when the Court once again specifically referenced the waiver and its applicability in light of the Court's sentence within the Guideline range (Ex. 2, p. 20).

A defendant who secured the benefits of a plea agreement and knowingly waived the right to appeal is precluded from lodging an appeal contrary to the terms of the plea agreement. *See United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993). This was not a situation where

the defendant was convicted after trial or where the Court sentenced contrary to the terms of the plea agreement. Counsel cannot be faulted for failing to file an appeal where the plea agreement precluded such a filing.

Furthermore, based on the affidavit submitted by attorney Smith (Ex. 4), the waiver of appeal was discussed numerous times with DeSantis. In fact, attorney Smith states that he reviewed the plea agreement and the appeal-waiver provision on at least 10 separate occasions with DeSantis between April 2004 and January 2005, and that he was satisfied that Mr. DeSantis understood his rights and obligations, including the waiver of appeal. In addition, Smith indicated in his affidavit that he advised DeSantis, in writing, of the judgment's filing and indicated that based on the plea agreement, there would be no appeal. Furthermore, after a proceeding which required the Court to correct the previously entered judgment, Smith advised DeSantis that no appeal could be taken at that time either.

Therefore, it is clear that DeSantis pleaded guilty to crimes that required a mandatory 5 year term of imprisonment on each count with an aggregate sentence of 10 years. Although the Court could have imposed a greater sentence, it did sentence DeSantis to the lowest range possible and the defendant was so advised. The plea agreement provided that there would be no appeal, and the Court specifically discussed that at the time of the plea and at sentencing. Defense counsel provided a thorough and precise affidavit listing the numerous times and circumstances under which he advised DeSantis of his rights and specifically the fact that he had given up or waived the right to appeal. Under all these circumstances, the motion of DeSantis must be denied.

CONCLUSION

The motion of defendant, Ricky DeSantis, to vacate the judgment and conviction, pursuant to 28 U.S.C. § 2255, is denied. The Court declines to issue a certificate of appealability because DeSantis has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 6, 2010.